Johnson J.
The grounds taken in support of this, motion are resolvable into the questions:
1st, Whether the seizure of the horses by the defend-», , ants was justifiable; and,
Sndly, If not, the extent of their liability.
These will be noticed in their order: 1st, The act of 1740, (F, L, 171,) authorises any person to. seize .and take *182 away from any slave any horses, &c. kept, raised or bred for the peculiar use of any slave, and to deliver them to the nearest magistrate. The power delegated by this act to the captor is wholly ministerial; and it is clear that to justify its execution, the state of things contemplated must substantially exist; as when a sheriff or other officer takes the goods of a stranger in execution, then he acts upon his own responsibility and is liable for all the consequences. Now the ground on which the justification in this case is attempted to be supported is that the horses were in the possession of slavps. In the first place, from the evidence reported, it does not appear that this was true in point of fact, and it is equally fallacious in point of law. It is not the possession of the slave which authorizes the seizure, but the circumstance that they were kept, raised or bred for the peculiar use of the slave, which justifies it. The fact that horses kept for the use of plantations are generally attended to and used by slaves is notorious, and it can never be believed that the Legislature intended to expose to seizure all that might be found in the accidental possession of slaves. The horses in question were the property of the plaintiff at the time of the seizure, they were not then appropriated for the peculiar use and benefit of slaves. The state of things contemplated by the act, did not exist and the seizure was a trespass on the part of the defendants.
2nd. The general rule as applicable to the second question is that he who commits an unlawful act is liable for all the consequences. The loss of the horses being the consequence of the seizure, and that being unlawful, it follows, necessarily, that the defendants were liable for their full value and that the verdict ought, therefore, to stand. But it is said in support of the motion, that admitting the original taking to be tresspass, the delivery to the magistrate and his adjudication and condemnation so far purged the wrong as to exempt the defendants • from all responsibility for the ultimate *183 loss of the property. There is no disposition to control the general proposition that when goods are taken out of the possession of one whose possession is tortious by a course of judicial proceedings to which the rightful owner is- a party* that the wrong doer would be pro tanto exempted from responsibility; but in this case ihe plaintiff was not a party and could not be affected ;by any order which the magistrate could have made. The circumstance that the plaintiff’s agent had notice of the proceedings cannot alter the case. To entitle the owner to a restoration of property thus seized, :the act prescribes the form, and requires him to take an oath, which, from the nature of it, a mere agent is incompetent to do, besides involving-the absurdity that a man can swear by proxy. Motion dismissed.
De. Saussure, for the motion.
.Petigru, Attorney General, contra.